IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Amber Palmer as administrator of the Estate of Varna Rae Palmer, <br><br> Plaintiff, <br><br> v. <br><br> United States of America, <br><br> Defendant. | C/A NO: __3:20-cv-03848-CMC__ <br><br> **COMPLAINT** |

Plaintiff Amber Palmer as administrator of the estate of Varna Rae Palmer, by way of this Complaint, states:

**PARTIES & JURISDICTION**

1. Plaintiff Amber Palmer is the duly appointed administrator of the estate of Varna Rae Palmer.

2. Plaintiff brings this action against the United States of America for injuries and damages Varna Palmer sustained from substandard medical care rendered by agents of Defendant at the Dorn VA Medical Center ("Dorn VAMC") in Columbia, South Carolina.

3. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq. and 28 U.S.C. § 1346(b)(1), for money damages as compensation for injuries and damages suffered by Plaintiff and her Decedent.

4. Venue is proper in this Court in that all, or a substantial part, of the acts and/or omissions forming the basis of these claims occurred in the District of South Carolina, Columbia Division.

5. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims act by giving formal written notice to the USA through the filing of a Form 95 with the Department of Veteran Affairs. The VA acknowledged receipt of the claim on May 1, 2020.

6. Six months have passed since the filing of the Form 95. There has been no official denial of Plaintiff's claim or any other response. Plaintiff now files this action because there has been no official denial or resolution of Plaintiff's Form 95 claim.

7. An affidavit from a qualified medical expert in regard to Defendant is being contemporaneously filed with this Complaint. The affidavit sets forth certain breaches of the standard of care by Defendant, their agents and/or employees. Neither the affidavit, nor the allegations contained herein, are an all-inclusive list of negligence which will be attributed to Defendant, their agents and/or employees. Additionally, the type(s) and or description(s) of damages to Plaintiff and Decedent, as described herein, are/is not an all-inclusive list of damages suffered by them.

**FACTS**

8. The deceased, Varna Rae Palmer ("Palmer"), was a patient of the Dorn VAMC in Columbia, South Carolina.

9. At all times relevant to this Complaint, a medical provider – patient relationship existed between the providers at Dorn VAMC and Palmer.

10. Palmer was hospitalized at Dorn VAMC on June 8, 2019, with complaints of increasing shortness of breath for several days.

11. Initial notes from Palmer's evaluation show imaging and lab evidence of extensive COPD changes (emphysematous) in her lungs. A CT scan was done at the time of admission showing no evidence of pulmonary embolism, and Palmer was treated with bronchodilators,

corticosteroids, and non-invasive ventilatory support with BIPAP. She was then admitted to the intensive care unit (ICU).

12. Home medications were continued to include Amitriptyline, Amlodopine, Levothyroxine, Metoprolol, Baclofen, Tramodol, Pravastatin and additional medications were given to include Prenisone, Albuterol, Ipratropium, Heparin, Azithromycin and Ceftriaxone.

13. Palmer was given two EKG's on June 8, 2019. The EKG on 6/8/2019 at 12:50 showed sinus tachycardia with premature atrial complexes, suspect multifocal atrial tachycardia, nonspecific ST abnormality and a corrected QT interval (QTc) of 493 milliseconds. A repeat EKG on 6/8/2019 at 4:31 showed normal sinus rhythm, nonspecific ST abnormality and a QTc which at this time was 522 milliseconds.

14. On June 9, 2019, Palmer underwent a pharmacy medication reconciliation review, during which providers were cautioned that she might be susceptive to major drug-drug interactions to include: Amitryptyline, Azithromycin, Baclofen, and Tramadol

15. Palmer spent one day in ICU and was then moved to the floor. During her time on the floor, Palmer was not placed on a heart monitor nor was her O2 saturation continuously monitored.

16. The last note by respiratory therapy prior to her death (6/10/19 at 2:45) showed that Palmer was on 4 liters of oxygen/minute by nasal cannula with an O2 saturation of 92%.

17. Around 4:50 am on 6/10/19, a nurse on rounds noticed that Palmer's cannula was not properly in place. When the nurse came to adjust the tubing, she noticed Palmer was not breathing. CPR was begun at 5:03. Palmer was unresponsive through the attempted resuscitation and expired.

18.     No nurse, doctor, or employee checked on Palmer from approximately 2:45 am to 4:50 am. Additionally, no heart or O2 saturation alarm alerted between 2:45 am to 4:50 am.

19.     During Palmer's treatment at Dorn VAMC, she was treated by at least the following VAMC medical providers and employees: Dr. Lawrence K. Bennett, Larosa J. Mitchell RN, Dr. Jud Lewis, Zeineb S. Saleh RN, Margaret Wuestefeld-Busse RN, and Dr. An Zhu.

20.     The Dorn VAMC Hospital, by and through its employees Dr. Lawrence K. Bennet, Larosa J. Mitchell RN, Dr. Jud Lewis, Margaret Wuestefeld-Busse RN, Zeineb S. Saleh RN, and possibly other VAMC health care providers, was negligent and committed medical malpractice/negligence in its care and treatment of Varna Palmer, while acting within the scope of their employment with VAMC.

21.     In sum, the Dorn VAMC's negligence and wrongdoing caused Palmer's premature death and suffering, which was otherwise preventable with proper, appropriate medical treatment.

**FIRST CAUSE OF ACTION**
**(Survival Action – S.C. Code § 15-5-90)**
**Medical Malpractice / Negligence**

22.     Plaintiff incorporates all prior paragraphs.

23.     The negligent acts and omissions of the Dorn VAMC include but are not necessarily limited to:

a.      Failure to properly diagnose Palmer's cardiovascular and respiratory conditions;

b.      Failure to properly treat Palmer's cardiovascular and respiratory conditions;

c.      Failure to take note of nor take action to prevent Palmer from having cardiac arrhythmia;

d.      Failure to take note of nor take action to prevent major drug-drug interactions;

4

    e.  Failure to adequately examine Palmer's cardiovascular and respiratory condition prior to transfer from ICU;

    f.  Failure to monitor Palmer's heart condition;

    g.  Failure to monitor Palmer's O2 saturation;

    h.  Failure to monitor Palmer appropriately under the circumstances;

    i.  Failure to timely and appropriately respond to Palmer's condition prior to her death; and,

    j.  Otherwise failing to use reasonable care under the circumstances.

24.    The foregoing acts and omissions were the proximate cause of Palmer's injuries and wrongful death. Palmer experienced conscious pain and suffering, and knowledge of impending death, and wrongful death as a result of the foregoing negligence and breaches.

## SECOND CAUSE OF ACTION
### Wrongful Death – S.C. Code § 15-51-10 et seq.

25.    Plaintiff incorporates all prior paragraphs.

26.    As a direct and proximate result of the negligence, gross negligence, carelessness, willfulness, wantonness, and recklessness, and departures from standards of care by Defendant as set forth above, Palmer died on June 10, 2019, by virtue of which her statutory beneficiaries have lost her aid, comfort, companionship, support, and society, and have suffered severe and extreme emotional distress, anxiety, grief, and sorrow, and incurred funeral expenses, for which Plaintiff is entitled to recover damages on behalf of the statutory beneficiaries pursuant to S.C. Code Ann. § 15-51-10 et seq., in an amount to be determined by the jury at the trial of this action.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for actual damages and consequential damages in an amount to be determined by a judge (and/or jury) at trial, for the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

RICHARDSON, PATRICK, WESTBROOK & BRICKMAN

By: *s/Matthew Nickles*
Matthew Nickles (Fed ID 11001)
mnickles@rpwb.com
William C. Lewis (Fed ID 12076)
wlewis@rpwb.com
1513 Hampton Street, First Floor
Columbia, SC 29201
T: 803.541.7850
F: 803.541.9625

Dated: November 3, 2020

**ATTORNEYS FOR PLAINTIFF**